# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES URBAN**, <br><br> Plaintiff, <br><br> v. <br><br> **JOHN SELLS, CHAD MORROW, AMY OETKEN, DARIN RAYMOND, GAYLE NELSON VOGEL, ANURADHA VAITHESWARAN, JAMES BEEGHLY, AND JAMES D. SCOTT**,[1] <br><br> Defendants. | **No. 12-CV-4075-DEO** <br><br> **RULING ON MOTION TO DISMISS** |

Presently before the Court is Defendant John Sells, Chad Morrow, Gayle Vogel, Anuradha Vaitheswaran, James Beeghly, and James Scott's Motion to Dismiss, Docket No. 3; and Defendants Amy Oetken and Darin Raymond's Motion to Dismiss, Docket No. 9. The parties appeared for hearing on August 28, 2013. After listening to the parties' arguments, the Court took the matter under consideration and now enters the following.

---

[1] The Court takes judicial notice that throughout these proceedings, Defendants have at times been referred to incorrectly; Mr. Raymond has been referred to as "Derin" and the Court acknowledges that Mr. Raymond's first name is listed in the Iowa Legal Directory as "Darin"; "Volgel, P.J." is Gayle Nelson Vogel; "Vaitheswaran, J." is Anuradha Vaitheswaran; and "Beeghly, S.J." is James Beeghly. The caption should be changed to indicate correct names/spellings.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 1, 2011, Mr. Urban filed case No. 5:11-CV-4068-PAZ.[2] In that Complaint, Mr. Urban stated that:

> I'm suing John Sells and Chad Morrow and the Department of Natural Resources for misusing Iowa Laws. They say a person may not possess the fur of a fur - bearing animal taken from the wild, such as a racoon or badger, without a license. ... There is no license to possess fur - bearing animals.... Here in Iowa we do have laws that says a person cannot poach animals or have possession of poached animals.

5:11-CV-4068-PAZ, Docket No. 1.

On November 15, 2011, Mr. Urban filed an amended pleading which stated that:

> I'm suing the Dept. Of Natural Resources and Chad Morrow and John Sells while acting in their official capacity or under color of legal authority for an agency of the United States. ... For being put in jail twice in the same case over Christmas holidays or a period of 8 ½ months in Jail while misusing Iowa laws. There is no license to posses fur-bearing animals that are lawfully taken.... I believe the DNR

---

[2] Case 11-CV-4068 was originally assigned to the Honorable Donald E. O'Brien. On November 29, 2011, the parties unanimously consented to trial, disposition and judgment by a United States Magistrate Judge with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). Docket No. 10.

> knows the only time a person is given a fine like this is when a fur-bearing animal has been poached or if a person is possessing a poached animal.

5:11-CV-4068-PAZ, Docket No. 7.

On December 19, 2011, Magistrate Zoss entered an order dismissing Mr. Urban's Complaint. According to his ruling:

> [t]he defendants assert that the complaint (1) fails to plead any cause of action that invokes federal jurisdiction, (2) fails to state a claim upon which relief can be granted, and (3) is barred by their immunity under the Eleventh Amendment... From the facts pled, it does not appear that there is any other possible basis for jurisdiction in federal court. Accordingly, the motions to dismiss pursuant to Rule 12(b)(1) (Doc. Nos. 3, 8, and 12) are granted. In any event, the plaintiff has failed completely to allege facts "above the speculative level" to support a cognizable legal theory for a valid claim against the defendants (Parkhurst, 569 F.3d at 865), nor has he alleged a basis for circumventing the defendants' immunity under the Eleventh Amendment (see Skelton v. Henry, 390 F.3d 614, 617 (8th Cir. 2004) (the Eleventh Amendment bars the award of any retroactive relief for violations of federal law that would require payment of funds from a state treasury)). For these reasons, even if this court did have jurisdiction, the complaint would be dismissed under Rule 12(b)(6).

Shortly before the order dismissing his first complaint, Mr. Urban filed case number 11-CV-4107-DEO on December 14, 2011. In that second case Mr. Urban alleged that:

> [the Defendants] are misusing Iowa Laws. None of these laws you charged me with applies to trapping non-game animals. There is no license to trap non-game animals. And those racoons, [an]accident[al] catch is a accident[al] catch. If the DNR would not of been shooting those fur bearing animals they could be let go. ... I'm also filing this civil suit because when a person fights the Iowa Dept. Of Natural Resources, they do not get a fair trial. A person gets convicted of laws that do not exist...

11-CV-4107-DEO, Docket No. 7 (Amended Complaint).

Mr. Urban went on to articulate the ways in which he felt he did not get a fair trial in state court. In that case, Mr. Urban sued the Iowa Department of Natural Resources and six individuals, including four of the five defendants in the above captioned case. He again alleged that the defendants were "misusing Iowa laws" in connection with Urban's trapping activities. Among other things, he stated that "a [sic] accidental catch is a [sic] accidental catch."

On November 27, 2012, this Court adopted a Report and Recommendation from Judge Zoss (Docket No. 16) dismissing the

4

case (Order, Docket No. 28). The dismissal was based on both (a) Urban's improper attempt to re-litigate issues decided against him in case number 11-4068-PAZ and (b) the absolute prosecutorial immunity that applied to two of the defendants.

Shortly before 11-CV-4107-DEO was dismissed, Mr. Urban filed the present case, 12-CV-4075-DEO. (At the time the prior case was dismissed, Mr. Urban stated that he was relying on this new case anyway). This case has been going on for nearly a year. Mr. Urban filed several Motions to Amend his Complaint as well as other pro se motions. (For example, Mr. Urban filed a "Motion to Dismiss Defendants' Judgment for Excess of Jurisdiction," Judge Strand denied that motion, stating "[the Motion] appears to consist of no more than a random list of quotation fragments lifted from court cases." Mr. Urban then refiled the same Motion, and Judge Strand denied it a second time). Judge Strand eventually allowed Mr. Urban to file an Amended Complaint on January 23, 2013. The January 23, 2013 Complaint is presently before the Court that the Defendants are moving to Dismiss. (Judge Strand also

prohibited Mr. Urban from filing any more Amended Complaints).[3]

**II. ISSUES**

In their Motions(s) to Dismiss, the Defendants make several arguments. First, they argue that this Court does not have subject matter jurisdiction under the Rooker-Feldman[4] doctrine. Next, the Defendants argue that various immunities apply, including 11th Amendment Immunity for government

---

[3] Mr. Urban filed one case after this case, 13-CV-4050-DEO. In that case, he filed an application to proceed in forma pauperis. Judge Strand denied the Motion to Proceed in forma pauperis and dismissed the case, stating that the issues in the new case were identical to the issues in the case that is presently before the Court, 12-CV-4075-DEO. See Docket #2, p. 3-4, 13-CV-4050-DEO where Magistrate Strand stated: "A federal court may deny an application to proceed in forma pauperis based on the plaintiff's history of filing frivolous or repetitive lawsuits. See, e.g., In re McDonald, 489 U.S. 180, 184 (1989) (per curiam); Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). Here, I find that Urban has filed frivolous and repetitive lawsuits in this court. As such, his application to file a new lawsuit without prepayment of fees is denied. Urban may not, free of charge, file new "trapping" lawsuits in this court."). This Court agrees that Mr. Urban's litigation posture would not be substantially altered by any complaint amendment or potential new filing. The issues discussed in this Order apply to his "trapping" claims, regardless of what Complaint they are contained in.

[4] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923).

employees working in their official capacity, qualified immunity for government actors in their individual capacity, prosecutorial immunity for the Plymouth County Attorneys, and judicial immunity for the Iowa state judge and justices. The Defendants also argue that the principals of claim and issue preclusion bar Mr. Urban's claims. Finally even if none of the above are applicable, the Defendants argue that Mr. Urban has failed to state a claim upon which relief can be granted. The Court will discuss the issues necessary to resolve this matter below.

**III. ANALYSIS**

    **A.  Judicial Immunity**

Defendants Vogel, Vaitheswaran, and Beeghly are justices on Iowa's Court of Appeals. Defendant Scott is District Court Judge in Iowa's Third Judicial District. Mr. Urban's Amended Complaint generally alleges that these Defendants committed fraud and participated in a trial that amounted to a violation of Mr. Urban's right to be free from double jeopardy.

In their Motion to Dismiss, the judicial officers argue that they are entitled to judicial immunity. See Docket No. 3, p. 7-8. The judicial officers are correct. "Judicial

7

immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983." Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986); See also Pulliam v. Allen, 466 U.S. 522, 529 (1984) and Bradley v. Fisher, 80 U.S. 335, 336 (1871), which states, "Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  This immunity extends to the fraud and double jeopardy claims Mr. Urban is currently making.  Accordingly, Mr. Urban's Amended Complaint as to Defendants Vogel, Vaitheswaran, Beeghly, and Scott is dismissed.

**B. Prosecutorial Immunity**

Defendants Raymond and Oetken's argue that they are duly appointed prosecutors for Plymouth County, Iowa, and have prosecutorial immunity from Mr. Urban's claims.  They are correct.  If a prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity.  Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993).  Absolute immunity covers prosecutorial functions

8

such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.  Id.; Imbler v. Pachtman, 424 U.S. 409, 430-31, n.33 (1976); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Mr. Urban makes a vague allegation that the Defendants committed fraud.  However, Mr. Urban has failed to make any allegation, or cite any case, that would overcome prosecutorial immunity.  There is no indication that Raymond and Oetken were acting outside the scope of their official duty when they charged Mr. Urban with unlawful possession of animal furs.  Because prosecutors have absolute immunity regarding the initiation and pursuit of criminal charges, Mr. Urban's Complaint against Raymond and Oetken fails as a matter of law.  Accordingly, Mr. Urban's Amended Complaint as to Defendants Raymond and Oetken is dismissed.

**C.  Subject Matter Jurisdiction**

The Defendants also argue that Mr. Urban's claims are precluded because he is improperly challenging a state court proceeding in Federal Court through a Section 1983 action,

9

citing the Rooker-Feldman doctrine. That doctrine states that this Court only has jurisdiction to review state court decisions in habeas corpus cases. See Lemonds v. St. Louis Cnty., 222 F.3d 488, 492 (8th Cir. 2000) stating that "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." As the 8th Circuit stated in Edwards v. City of Jonesboro, 645 F.3d 1014, 1017 (8th Cir. 2011) stating:

> The decisions in Rooker and Feldman establish that with the exception of habeas corpus proceedings, the inferior federal courts lack subject-matter jurisdiction over appeals from state-court judgments. Jurisdiction over such appeals is granted exclusively to the Supreme Court by 28 U.S.C. § 1257. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Edwards, 645 F.3d 1014.

The Defendants are correct that this Court does not have jurisdiction over Mr. Urban's claims. Through his several suits, Mr. Urban has tried to style his arguments differently, but the heart of the matter is that Mr. Urban is upset that he was convicted in state court of possessing furs and would like this Court to somehow vacate that conviction. To upend Mr.

Urban's state court conviction, this Court would have to say that Mr. Urban's conviction was improper. Under the precedent cited above, this Court has no jurisdiction to void a state court decision outside of a habeas case. Accordingly, the remaining claims in Mr. Urban's Amended Complaint must be dismissed.

**D. Other Issues**

Because the Court is persuaded that Mr. Urban's claims must be dismissed based on judicial immunity, prosecutorial immunity, and a lack of subject matter jurisdiction, the Court need not reach the other issues included in the Defendants' briefs, including claim/issue preclusion, qualified immunity, and 11th Amendment immunity. However, the Court is aware that each of those issues have been discussed by either this Court, Judge Strand or Judge Zoss during the course of Mr. Urban's four cases, and each issue has been resolved against Mr. Urban.[5] Accordingly, the Court notes that any future

---

[5] For example, in 11-CV-4068, Magistrate Zoss' Report and Recommendation stated: "It is clear that in the present lawsuit the plaintiff is attempting to again assert that the DNR and various state officials acted contrary to Iowa law when they prosecuted him for unlawful possession of furs. This question has already been decided by this court, and the plaintiff is precluded from asserting this claim in the

"trapping" case Mr. Urban files will have high procedural bars to overcome before it is allowed to proceed. If Mr. Urban feels that this ruling is incorrect, and he wishes to further purse his "trapping" case, the proper procedural step is to file an appeal with the 8th Circuit Court of Appeals rather than filing another new section 1983 lawsuit before this Court.

**IV. CONCLUSION**

In summary, barring extenuating circumstances not present in this case, judges have immunity from lawsuits. So do

---

present action. See <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."); <u>Plough ex rel. Plough v. W. Des Moines Cmty. Sch. Dist.</u>, 70 F.3d 512, 517 (8th Cir. 1995) (claim preclusion "bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction"). In any event, this claim is barred by the principles set out in of <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.].")."

prosecutors.  Additionally, Federal Courts only have power to intervene in state court cases when a prisoner files a habeas corpus petition asking to be released from custody.  The Court cannot void Mr. Urban's conviction in a collateral lawsuit such as this.  For those reasons, and the reasons set out above, the motions to dismiss (Docket Nos. 3 and 9) are **granted**, and Mr. Urban's Amended Complaint is dismissed.

    **IT IS SO ORDERED** this 5th day of September, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa